In The



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-08-00221-CR


 _____________________



TERRY MICHAEL FRAZIER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 96363






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Terry Michael Frazier pled guilty to
injury to a child. On February 6, 2006, the trial court found the evidence sufficient to find
Frazier guilty, but deferred further proceedings, placed Frazier on community supervision
for five years, and assessed a fine of $500. On November 8, 2007, the State filed a motion
to revoke Frazier's unadjudicated community supervision. Frazier pled "true" to two
violations of the conditions of his community supervision. The trial court found that Frazier
violated the conditions of his community supervision, found Frazier guilty of injury to a
child, and assessed punishment at ten years of confinement.

 Frazier's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On October 2, 2008, we granted an extension of time for appellant to file a pro se
brief. We received no response from appellant. We reviewed the appellate record, and we
agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we
find it unnecessary to order appointment of new counsel to re-brief the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We note that the judgment
recites that Frazier was charged by indictment, but the record reflects that Frazier waived the
right to be charged by indictment and was instead charged by information. This Court has
the authority to reform the trial court's judgment to correct a clerical error. See Tex. R. App.
P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We therefore reform
the judgment to read that Frazier was charged by information. We affirm the trial court's
judgment as reformed. (1)


 AFFIRMED AS REFORMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on February 11, 2009

Opinion Delivered February 25, 2009 

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.